
DA 13-0708

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 159N

IN RE THE MARRIAGE OF:

JESSICA CONRAD,

        Petitioner and Appellee,

   and

SHAWN CONRAD,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DR-13-11
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           George B. Best, Kira I. Evans, Best & Westover Law Offices, Kalispell, Montana

       For Appellee:

           Heather McDougall, Attorney at Law, Troy, Montana

Submitted on Briefs:  May 21, 2014
Decided:  June 10, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Shawn Conrad (Shawn) appeals from the findings of fact, conclusions of law, and decree of the Montana Nineteenth Judicial District Court, Lincoln County, dissolving his marriage to Jessica Conrad (Jessica), setting in place a parenting plan, and distributing the marital estate. We affirm.

¶3     Shawn and Jessica were married on July 7, 2001, and separated in January of 2013. They have two children, T.C., age seven, and C.C., age five. After their separation, Shawn and Jessica continued to cohabitate until Jessica moved for, and the District Court granted, an order requiring Shawn to vacate the marital residence. After Shawn moved out, the parties agreed on visitation. On June 13, 2013, Jessica filed an expedited motion to dissolve marriage; Shawn had previously filed motions for contempt, an interim parenting plan, and temporary maintenance and return of personal property. The court held a hearing on these motions on June 19, 2013. Following the hearing, the court approved Jessica's proposed interim parenting plan, which granted Shawn visitation every second and fourth weekend of the month during the school year, every other holiday, and every other week during the summer. It denied the parties' motions and determined that the property division, final parenting plan and dissolution would be addressed at a hearing scheduled for August 27, 2013. It also directed Shawn to pay child support of $141.00 a month beginning on July 1,

2

2013. Following the August 27, 2013, hearing, on October 1, 2013, the court entered findings of fact, conclusions of law and a decree. The court's decree dissolved the parties' marriage, adopted Jessica's proposed final parenting plan, ordered Shawn to continue paying child support in the amount of $141.00 a month, and distributed the marital estate.

¶4 We review a district court's factual findings regarding a parenting plan and the division of marital assets to determine if they are clearly erroneous. *In re Parenting of C.W.*, 2012 MT 212, ¶ 10, 366 Mont. 278, 291 P.3d 1092. A finding is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review convinces us that the district court made a mistake. *In re Parenting of C.W.*, ¶ 10. We will affirm the district court when the findings of fact are not clearly erroneous unless the court abused its discretion. *In re Parenting of C.W.*, ¶ 10. A district court abuses its discretion in a dissolution proceeding if it acts arbitrarily without employment of conscientious judgment or it exceeds the bounds of reason resulting in a substantial injustice. *In re Parenting of C.W.*, ¶ 10.

¶5 On appeal, Shawn argues that the District Court erred by failing to consider the children's best interests in adopting Jessica's proposed final parenting plan; abused its discretion in allocating the marital estate; abused its discretion in awarding Jessica attorney's fees on Shawn's motion for contempt; and erred in excluding Shawn's witnesses. We affirm the District Court.

¶6 Section 40-4-212, MCA, provides that the court must determine a parenting plan in accordance with the best interests of the children and sets forth a non-exhaustive list of factors which may be relevant to that determination. Although Shawn alleges that the

3

District Court failed to consider these in adopting Jessica's proposed parenting plan, the court's order reveals that it did weigh the statutory factors in determining the parenting plan. The court based its determination on the facts that Jessica has been the primary caregiver for the children throughout the marriage, preparing meals, transporting them to and from school and daycare, and arranging social engagements. This finding effectively addresses continuity and stability of care, a factor listed in § 40-4-212(1)(h), MCA. The court also noted that Jessica's parents have provided care for the children three days a week. This finding speaks to § 40-4-212(1)(c), MCA, the interaction and interrelationship of the child with individuals significantly affecting the child's best interests. While a district court must consider the factors enumerated in § 40-4-212(1), MCA, it need not make specific findings relating to each. *C.T.E.-H. v. T.M.E.*, 2004 MT 307, ¶ 34, 323 Mont. 498, 101 P.3d 254. The court, in its findings and conclusions, specifically found Jessica's proposed final parenting plan to be in the children's best interests. We conclude that the court adequately considered the children's best interests in adopting Jessica's proposed parenting plan.

¶7     Shawn also argues that the District Court abused its discretion because the final parenting plan was "substantially different" from the interim parenting plan. We can see no evidence that this is the case—and in fact, it appears that the final parenting plan is identical to the interim parenting plan. This contention is without merit.

¶8     Shawn next contends that the District Court abused its discretion in distributing the marital estate because it awarded Jessica Shawn's retirement plan, proceeds from the sale of the family home, proceeds from selling various marital property and some guns in his possession that were registered in her name. He also claims the court erred by considering

4

his inheritance—but not Jessica's—as part of the marital estate, and by failing to address the tax consequences of requiring him to file his taxes separately.

¶9 We have previously explained that § 40-4-202, MCA, vests the district court with broad discretion to equitably divide the marital estate under the circumstances. *In re Parenting of C.W.*, ¶ 18. An equitable division does not require that every marital asset or liability be split evenly, or even that the entire estate be split evenly. *In re Parenting of C.W.*, ¶ 18. We have also previously held that "[u]nder § 40-4-202, MCA, the District Court is tasked with the overarching obligation to equitably apportion all property belonging to either or both parties however and whenever acquired, without regard to title, and without regard to marital misconduct." *In re Funk*, 2012 MT 14, ¶ 34, 363 Mont. 352, 270 P.3d 39. The District Court, in this case, assigned assets and liabilities in such a way that Jessica's share of the marital estate was slightly larger than Shawn's—however, the court also assigned Jessica most of the responsibility associated with managing debt and caring for the children. None of the items Shawn challenges regarding the distribution of the marital estate rise to the level of an abuse of discretion. For instance, although he complains the court considered his inheritance, but not Jessica's, as part of the marital estate, he never identified the items he claims he inherited in the District Court proceeding. Nor did the court err by failing to enter specific factual findings addressing the factors Shawn asserts it should have addressed. The court specifically considered tax liability; its order directed the parties to file separately and directed Jessica to claim the children as exemptions for 2012, as well as claim mortgage interest and property taxes. The court's decision demonstrates it fulfilled its obligation to equitably apportion the marital estate.

5

¶10 Shawn next contends that the District Court abused its discretion when it denied his motion to hold Jessica in contempt and awarded her attorney's fees. A District Court is not required to hold a party in contempt at the request of another party. The District Court did not see fit to hold Jessica in contempt and Shawn fails to persuade us that this amounts to an abuse of discretion. Similarly, an award of attorney's fees is discretionary and will not be disturbed absent an abuse of discretion. *In re Marriage of Sullivan*, 258 Mont. 531, 540, 853 P.2d 1194, 1200 (1993). The District Court concluded, based on the hearing, that Shawn's motions were frivolous and accordingly, exercised its discretion pursuant to § 40-4-110, MCA, to award Jessica attorney's fees incurred in responding to those motions. The District Court did not abuse its discretion in awarding Jessica attorney's fees.

¶11 Finally, Shawn argues that the District Court erred by excluding his rebuttal witness. "A determination of whether proposed testimony is admissible as rebuttal testimony in any given case lies within the sound discretion of a district court, and we will not reverse a district court's ruling unless it abused its discretion." *In re Marriage of Howard*, 2008 MT 351, ¶ 32, 346 Mont. 312, 195 P.3d 812. The District Court determined that Shawn's proposed rebuttal testimony did not pertain to "new matters" and did not abuse its discretion by excluding that testimony.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE